UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

JASPER BOYD,

                        Plaintiff,

    -against-

CITY OF NEW YORK, WILSON GONZALEZ, Individually,
CHAIM GOLDGRAB, Individually, EDWIN NUEZ, Individually,
and JOHN DOE 1, Individually, (the name John Doe being
fictitious, as the true name is presently unknown),

                        Defendants.

---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 6922
(ILG)(MDG)

<u>Jury Trial Demanded</u>

      Plaintiff JASPER BOYD, by his attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

      4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JASPER BOYD is a fifty-three year old African-American man who resides in Brooklyn, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants WILSON GONZALEZ, CHAIM GOLDGRAB, EDWIN NUEZ, and JOHN DOE 1, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12. On November 29, 2011, at approximately 2:45 p.m., plaintiff JASPER BOYD was lawfully present in the vicinity of 512 Stone Avenue, Brooklyn, New York, the apartment building wherein BOYD resides.

13. BOYD had just exited his building and was on his way to pick up his 7 year-old son from school.

14. Defendant officers WILSON GONZALEZ and CHAIM GOLDGRAB unlawfully stopped and questioned BOYD, and requested BOYD's identification.

15. GONZALEZ and GOLDGRAB lacked reasonable suspicion to believe BOYD had committed or was about to commit any crime or offense.

16. BOYD complied with the defendants' order, handed his identification to GONZALEZ and asked GONZALEZ why he was being stopped. GONZALEZ replied, in sum and substance, that he had observed BOYD walk in and out of 512 Stone Avenue.

17. GONZALEZ and GOLDGRAB unlawfully detained BOYD for a period of time while they reviewed BOYD's identification which indicated that BOYD resided in the building he had just exited, 512 Stone Avenue. BOYD then stated, in sum and substance, you see that I live here, now give me back my identification and let me go pick up my child. In response GONZALEZ stated, in sum and substance, you want to take it there, I'm going to run your identification and if you have any warrants I'm going to take you to jail.

18. GONZALEZ then frisked and searched BOYD, searching inside his pants pockets and jacket pockets.

19. BOYD then asked for GONZALEZ's badge number.

20. GONZALEZ responded, in sum and substance, that he would give BOYD his

badge number on a summons.

21. Shortly thereafter, GONZALEZ handed BOYD two summonses. BOYD took the summonses and stated, in sum and substance, go jump in a lake, I'm not paying these.

22. In response, GONZALEZ stated, in sum and substance, you just talked yourself into an arrest, you're not picking up your child today. GONZALEZ, GOLDGRAB and an unidentified officer, JOHN DOE 1, then grabbed BOYD, pulled BOYD's hands behind his back, and placed a handcuff on BOYD's wrist. After a short period of time, the defendant officers removed the handcuff from BOYD's wrist and released him.

23. GONZALEZ issued BOYD summons no. 4331399825 charging BOYD with violating Penal Law § 240.20(7) (Disorderly Conduct) and summons no. 4331399837 charging BOYD with violating Penal Law § 240.20(2) (Disorderly Conduct).

24. In said summonses, GONZALEZ falsely alleged that "[BOYD] was observed creating a public inconvience [sic] by being loud and boistous [sic] in a public place," and that "[BOYD] was observed creating a public inconvience [sic] by causing a hazardous condition for no apparent reason in a public place."

25. The allegations contained in said summonses are entirely false.

26. Said summonses caused plaintiff to be prosecuted in New York City summons court on baseless charges; said charges having been filed based on the false allegations of defendant GONZALEZ. GONZALEZ initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against BOYD for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above described abuse of authority.

27. On February 27, 2012, all purported charges that were filed against BOYD by

GONZALEZ were dismissed and sealed in New York City's summons court.

28. The defendant officers GONZALEZ, GOLDGRAB, EDWIN NUEZ and JOHN DOE 1 either directly participated in the illegal conduct described herein or participated through their failure to intervene despite a reasonable opportunity to do so.

29. Defendant officer NUEZ was a supervisory officer who supervised and oversaw defendants GONZALEZ, GOLDGRAB and JOHN DOE 1.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, due to discrimination against plaintiff due to his race and/or nationality and otherwise pursuant to an unlawful "stop and frisk" policy and/or practice, an unlawful policy and/or practice of NYPD officers issuing summonses to fulfill quotas, and based on a custom or practice of falsification.

31. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements to stop and search individuals, and that they otherwise engage in falsification to justify their abuse of authority and fulfill their summons quotas.

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff JASPER BOYD, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, plaintiff JASPER BOYD sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

40. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants GONZALEZ, GOLDGRAB, NUEZ, and JOHN DOE 1)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants GONZALEZ, GOLDGRAB, NUEZ, and JOHN DOE 1 arrested plaintiff JASPER BOYD without probable cause, causing him to be detained against his will for an extended period of time.

43. Defendants caused plaintiff JASPER BOYD to be falsely arrested.

44. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983
as to defendants GONZALEZ and GOLDGRAB)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants GONZALEZ and GOLDGRAB unreasonably stopped and searched plaintiff JASPER BOYD.

7

47. Defendants caused JASPER BOYD to be unreasonably stopped and searched thereby causing plaintiff mental anguish and loss of liberty.

48. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983
as to defendant GONZALEZ)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant GONZALEZ initiated, commenced, and continued a malicious prosecution against plaintiff JASPER BOYD.

51. Defendant GONZALEZ caused plaintiff JASPER BOYD to be prosecuted without any probable cause until the charges were dismissed on or about February 27, 2012.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to defendant GONZALEZ)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendant GONZALEZ issued criminal process against plaintiff JASPER BOYD by causing his arrest and prosecution in a court.

54. Defendant GONZALEZ caused plaintiff JASPER BOYD to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be

free from malicious abuse of process.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to defendants GONZALEZ)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendant GONZALEZ created false evidence against plaintiff JASPER BOYD.

57. Defendant GONZALEZ utilized this false evidence against plaintiff JASPER BOYD in legal proceedings.

58. As a result of defendant GONZALEZ's creation and use of false evidence, plaintiff JASPER BOYD suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

59. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983
as to defendants GOLDGRAB, NUEZ, and JOHN DOE 1)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendant GOLDGRAB, NUEZ, and JOHN DOE 1 had an affirmative duty to intervene on behalf of plaintiff JASPER BOYD, whose constitutional rights were being violated in their presence by other officers.

62. The defendants failed to intervene to prevent the unlawful conduct described

herein.

63. As a result of the foregoing, plaintiff JASPER BOYD'S liberty was restricted for an extended period of time, he was unlawfully searched, he was maliciously prosecuted, he was deprived of his right to a fair trial, he was put in fear of his safety and he was humiliated.

64. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983
as to defendant NUEZ)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The supervisory defendant, EDWIN NUEZ, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to his rights in failing to properly supervise and train his subordinate employees.

67. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1981
as to defendants GONZALEZ, GOLDGRAB, NUEZ, and JOHN DOE 1)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants GONZALEZ, GOLDGRAB, NUEZ, and JOHN DOE 1 falsely arrested, unreasonably searched, maliciously prosecuted and deprived plaintiff of his right to a fair trial because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

70. As a result of the foregoing, plaintiff JASPER BOYD was deprived of his rights under the Equal Protection Clause of the United States Constitution.

71. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983
as to defendant CITY OF NEW YORK)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, unlawfully stopping and searching individuals, unlawfully issuing individuals summonses to fulfill quotas, and engaging in falsification.

75. The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff

JASPER BOYD'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JASPER BOYD.

77. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JASPER BOYD as alleged herein.

78. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JASPER BOYD as alleged herein.

79. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JASPER BOYD was unreasonably searched, seized and otherwise deprived of his liberty, and maliciously prsoecuted.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JASPER BOYD'S constitutional rights.

81. All of the foregoing acts by defendants deprived plaintiff JASPER BOYD of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

      C.      To be free from unreasonable searches;

      D.      To be free from malicious prosecution;

      E.      To receive a fair trial;

      F.      To be free from the failure to intervene; and

      G.      To receive equal protection under law.

82. As a result of the foregoing, plaintiff JASPER BOYD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JASPER BOYD demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 31, 2015

                                        LEVENTHAL & KLEIN, LLP
                                        Attorneys for Plaintiff JASPER BOYD
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By:   s/_____.
                                                    JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

JASPER BOYD,

                                                                  Plaintiff,

                                                                                                      14 CV 6922
                                                                                                      (ILG)(MDG)

         -against-

CITY OF NEW YORK, WILSON GONZALEZ, Individually,
CHAIM GOLDGRAB, Individually, EDWIN NUEZ, Individually,
and JOHN DOE 1, Individually, (the name John Doe being
fictitious, as the true name is presently unknown),

                                                               Defendants.

---------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600